SO ORDERED: August 02, 2006.

_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LARRY SHORTER | ) | CASE NO. 06-01580-AJM-13 |
| MARGARET SHORTER | ) | |
| | ) | |
| Debtors | ) | |

**ORDER DENYING DEBTORS' MOTION TO RECONSIDER**

*Background*

The Debtors filed their voluntary petition for relief under chapter 13 on April 7, 2006 (the "Petition Date") and therefore the provisions of BAPCPA apply.[1] The Debtors' previous chapter 13 case, filed in 2003 [2], was dismissed on January 12, 2006 due to their failure to maintain plan payments to the chapter 13 trustee. The schedules

---

[1] "BAPCPA" refers to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, and applies to bankruptcy cases that were filed on or after October 17, 2005.

[2] The Debtors' chapter 13 plan in the previous 2003 case was confirmed on February 17, 2004.

1

filed in the current case revealed that Countrywide Home Loans, Inc. ("Countrywide") holds a first mortgage on the Debtors' residence located at 9265 Beech Tree Court, Indianapolis (the "Residence"). The Debtors' statement of financial affairs also indicates that Countrywide filed a foreclosure proceeding prior to the filing of this current case. Because the Debtors' prior chapter 13 case had been dismissed within a year of the filing of this current case, the automatic stay imposed upon the filing of this current case presumably was in effect only for thirty (30) days unless further extended by the Court, pursuant to 11 U.S.C. §362(c)(3)(A) and (B). No such motion to extend the automatic stay was filed.

On May 30, 2006 and well after thirty days following the Petition Date, Countrywide moved the Court to enter an order confirming that the automatic stay had terminated by operation of §362(c)(3) [3]. Countrywide's motion was granted since the thirty day period under §362(c)(3) had expired without an order extending it having been entered. The "Order Confirming Termination of Stay" was entered on May 31, 2006 (the "May 31st Order") and provided, in part:

> **IT IS ORDERED** that by operation of 11 U.S.C. §362(c)(3), the automatic stay of this proceeding is terminated as to all parties in interest of this proceeding;
>
> **IT IS FURTHER ORDERED** that Countrywide Home Loans, Inc. may initiate or resume a foreclosure proceeding on its mortgage.

The Debtors objected to Countrywide's motion the same day that the Order was entered.

---

[3] Section 362(j) provides that "on request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has terminated".

The Debtors on June 10, 2006 moved for reconsideration of the May 31st Order, and argued that the Residence is property of the bankruptcy estate but that the stay terminated only with respect to the Debtors and the Debtors' property, and not property of the Debtors' bankruptcy estate. According to the Debtors, the automatic stay was still effective to bar Countrywide from foreclosing its interest in the Residence.

Hearing on the Debtors' motion to reconsider was held on June 27, 2006 wherein the Debtors appeared by their counsel, Steve Taylor; Countrywide appeared by its counsel, Kristi Brown. The Court took ruling on the matter under advisement. Counsel for the Debtor thereafter submitted case authority to support his position. This entry constitutes findings and conclusions to the extent required under Fed. R. Bankr. P. 7052.

## *Discussion*

### *BAPCPA Amendments to §362*

Among the hallmarks of bankruptcy relief has been the automatic stay imposed upon the filing of a voluntary bankruptcy petition. Prior to BAPCPA, the automatic stay that was triggered upon the filing of a voluntary petition terminated when a creditor moved for and obtained an order modifying the stay. Absent such an order, the stay was otherwise terminated if the case was (1) dismissed (2) closed or (3) when a discharge had been entered or, in the case of acts against property, the stay was terminated when the property was no longer property of the estate. See §362(c)(1) and (2).

BAPCPA ushered in some of the most comprehensive amendments to the Bankruptcy Code made within the last 25 years, among which was the addition of

3

§362(c)(3) which limits the scope of the stay for repeat filers. Congress particularly sought to curb abuses of debtors who filed bankruptcy, obtained the advantages of the automatic stay, allowed their case to be dismissed, and then refiled to obtain the advantages of the automatic stay – usually to prevent impending actions by secured creditors seeking to foreclose their liens in the debtor's property. Section 362(c)(3) creates a rebuttable presumption that the debtor filed the subsequent case in bad faith. If the debtor has had one case pending and dismissed within the year preceding the current case, the automatic stay terminates on the thirtieth (30th) day from the date the case is filed. [4]

> Section 362(c)(3)(A) provides:
>
> (c) Except as provided, in subsection (d), (e), (f) and (h) of this section –
>
>> (3) if a single or joint case is filed by or against debtor (sic) who is an individual in a case under chapter 7, 11 or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--
>>
>>> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case...

This subpart (A) is no model of clarity, and deciphering its meaning has generated interesting results. The Debtors' counsel has provided no fewer than five recent cases holding that the termination of the stay under §362(c)(3)(A) applies only

---

[4] The debtor may, before the expiration of the 30 day period, move the court to extend the stay beyond the 30 day period, but a hearing on such a motion must be heard within the 30 day period. See §362(c)(3)(B). If a debtor seeks to extend the stay, the presumption of bad faith must be rebutted with clear and convincing evidence to the contrary. See §362(c)(3)(C).

as to the debtor and perhaps the debtor's property but not property of the bankruptcy estate.  Courts that have concluded that §362(c)(3)(A) does not terminate the stay as to property of the estate have done so on the basis that other sections of the Bankruptcy Code clearly distinguish between the "debtor", the "debtor's property" and "property of the estate", and had Congress intended for the stay to terminate on the thirtieth day as to property of the estate, it clearly could have so provided. [5]

Under this line of cases, one wonders what property is no longer subject to the stay since all property owned by the debtor at the time of filing becomes "property of the estate" and ceases to be property of the estate only upon sale, abandonment [6] or confirmation of the chapter 13 plan. [7]  Given the fact that the first meeting of creditors and confirmation of the plan in most cases has not even occurred by the thirtieth day from the date of filing, no sale, abandonment or confirmation has occurred.  Thus,

---

[5] See, In re Johnson, 335 B.R. 805, 806  (Bankr. W. D. Tenn. 2006) ("§362(a)(3) dictates that the 30-day time limit only applies to 'debts' or 'property of the debtor' and not to 'property of the estate'.  As a result, the automatic stay continues to protect 'property of the estate' as long as it remains 'property of the estate'); In re Baldassaro, 338 B.R. 178 (Bankr. D. N. H. 2006) (distinguished between the word "act" as used in §§362(c)(1) and (2) and the word "action" as used in §362(c)(3) and concluded that the stay terminated only as to "actions taken" prepetition, but did not decide whether the stay terminated as to "actions taken" against "property of the estate" and instead extended the stay since the debtor presented clear and convincing evidence to rebut the statutory presumption of bad faith); In re Jones, 339 B.R. 360, 364  (Bankr. E. D. N. C. 2006) ("If Congress had intended that the automatic stay would terminate under §362(c)(3)(A) as to property of the estate, it would have specifically said so, as it did in §521(a)(6)"); In re Moon, 339 B.R. 668, 671 (Bankr. N. D. Ohio 2006) ("Had the drafters of this provision intended that the whole of the automatic stay would terminate, they could have easily just referenced §362(a) as they did in §362(c)(4)(A)" which provides that the stay under subsection (a) shall not go into effect upon the filing of the later case); In re Harris, 342 B.R. 274, 279  (Bankr. N. D. Ohio 2006) ("Had Congress intended §362(c)(3)(A) to completely terminate the automatic stay, it could have used the same straightforward language it used in §362(c)(4)(A)(i).  Instead, Congress chose to describe the effect on the automatic stay in a very different way"); see also, In re Paschal, 337 B.R. 274, 279 (Bankr. E. D. N. C. 2006) ("If Congress wanted to terminate the stay of all the protections of the automatic stay in §362(c)(3)(A), it could easily have used the language similar to that in §362(c)(4)(i)").

[6] See, In re Jumpp, 344 B.R. 21, 25 (Bankr. D. Mass. 2006).

[7] See, §1327(b) which provides that "except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor".

most, if not all, of the debtor's property remains property of the estate as of the thirtieth day after the case is filed. If the stay is not terminated as to "property of the estate", then §362(c)(3)(A) has little consequence.

Despite the inartful drafting of the statute, the legislative history straightforwardly provides that Congress intended for §362(c)(3)(A) to terminate *all* of the protections of the automatic stay and contains no qualifying "except as to property of the bankruptcy estate" language:

> [BAPCPA} amends section 362(c) of the Bankruptcy Code to terminate the automatic stay within 30 days in a chapter 7, 11 or 13 case filed by or against an individual if such individual was a debtor in a previously dismissed case pending within the preceding one year period...

See, In re Paschal, 337 B.R. at 278 (quoting Report of the Committee on the Judiciary, House of Representatives, to Accompany S. 256 (April 8, 2005)). [8] Given the statute's confusing language but clear legislative history, this Court is of the opinion that §362(c)(3)(A) terminates the stay completely, even as to property of the estate. To conclude differently would contradict the intent of the statute:

> With due respect to those courts finding that the language of §362(c)(3)(A) only terminates the automatic stay as to property of the debtor, this Court finds that the language of the section, even when read in isolation, is less than clear. The legislative history, while sparse, does not indicate that there was an intent to differentiate between the debtor's and the estate's property....[t]he thrust of amended section 362 is to burden the so-called "repeat filer" with demonstrating why the automatic stay should be extended. To read §362(c)(3)(A) as only terminating the automatic stay as to property of the debtor frustrates this goal... Although a mortgagee could seek relief from the automatic stay to foreclose on the estate's interest in the mortgagee's collateral, requiring a creditor to take such action is inconsistent with the intent of §362(c)(3)(A).

---

[8] The Court in *Paschal* ultimately determined that the stay terminated only with respect to formal legal action commenced prepetition, and noted that since the statute was unambiguous, conflicting legislative history was not controlling. 337 B.R. at 278.

6

*In re Jumpp*, 344 B.R. 21, 26-27 (Bankr. D. Mass. 2006).

The Court also points out that, under §362(c)(3)(B), it is not the "debtor" but rather a "party in interest" who may file a motion to extend the automatic stay beyond the thirty day period.  Certainly a "debtor" is a "party in interest" , but so are creditors who have a stake in the outcome of the bankruptcy case.  If the property affected by the termination of the automatic stay is not property of the estate there would be no reason to provide a creditor the right to seek an extension of the stay; the stay terminates as to only property in which the creditor is not interested and in which a trustee has no interest in administering for the benefit of the estate.   This Court believes that, by including such a provision, Congress intended for a creditor to able to seek an extension of the stay against oversecured creditors so as to preserve the property's equity for the estate, especially when the thirtieth day runs before the case trustee has had an opportunity to conduct a §341 meeting and the debtor has not moved for an extension of the stay.

### *Order*

This Court agrees with the rationale of the *Jumpp* case that §362(c)(3)(A) terminates the stay as to property of the estate.  Accordingly, the Debtors' motion to reconsider is DENIED.  The May 31st order remains in full force and effect.

# # #

Distribution:

Steven P. Taylor, Attorney for the Debtors
Kristi Brown, Attorney for Countrywide
Michael J. Kulak, Attorney for Countrywide
Robert Brothers, Chapter 13 Trustee